Plaintiff's Pontiac coach automobile, being driven by him, collided with a Dodge army-style truck, driven by Jesse Williams, one of the defendants, on the Packing-House Road, near the City of Alexandria, Louisiana, at about the hour of eleven o'clock P. M., July 18, 1948. He instituted suit against Williams, Bert Dennis and G. L. Malone, residents of Rapides Parish, Louisiana, to recover the amount expended by him to repair his car from the damages sustained in the collision. Dennis and Malone were impleaded on the theory that they owned the truck; that Williams was at the time of the collision their agent and was on a mission for them.
By amended petition the Associated Employers Lloyds of Ft. Worth, Texas, was made defendant under the allegation that that company carried public liability and property damage insurance on the truck for Malone.
For a cause of action against Williams, plaintiff alleged that he left his own side of the highway, after zigzagging across the road several times, and ran the truck into the front portion of plaintiff's car, which was at the time entirely on its side thereof, in fact, almost in the ditch, in an effort to avoid the collision.
By its answer, the insurance company articulately denied the allegations of the petition save that at the time of the accident it did carry on said truck insurance of the character alleged in the amended petition, but it affirmatively alleged that the conditions of the policy had been breached by not giving notice of the accident to it until after the lapse of some four months, whereas the policy required that such notice be given as soon as practicable, which was not done, and for this reason no liability attached. Other defenses are set up but in view of the opinion we have reached on the merits of the case, we deem it unnecessary to narrate same here.
Dennis admits that Williams was his employee but denies that at the time of the *Page 824 
accident he was on a mission or was in any manner acting for him. Malone denies that Williams has ever been in his employ, and, of course, was not his agent when the collision occurred.
Williams, in his answer, charges that the accident happened because of the negligence of the plaintiff in that his car was being operated without headlights, was driven by plaintiff from his own side of the road and across the center thereof and then collided with the truck.
There was judgment against Williams in plaintiff's favor but the demand against the other three defendants was rejected. Plaintiff appealed from the judgment insofar as it rejected his demand. The correctness of the judgment against Williams is not before us.
Williams was an employee of defendant, Dennis. Dennis was engaged in converting timber into pulp wood and selling same to Malone. The truck in question had been entrusted by Dennis to Williams for the purpose of picking up each morning other employees of Dennis and transporting them to the scene of their work and returning them to their homes each afternoon. Williams was allowed to keep the truck in his possession each night.
Appellant invokes the omnibus clause of the policy, and but for some facts that developed on trial, which we shall hereinafter discuss, would have had a better chance to hold the insurer.
We are convinced from the testimony in the case that some three weeks prior to the accident, Malone, then the owner of the truck, sold it to Dennis for a price entirely on credit, payable $25.00 per week, and that two payments had been made on the price. This was done by charging each weekly payment to the account of Dennis with Malone, which involved the price of deliveries of pulp wood to the latter. Testimony establishing said sale was given without objection and counsel for the insurance company thereupon announced to the court that this testimony conveyed to him first knowledge that the ownership of the truck had been transferred by Malone, the named insured, to Dennis, and he asked permission to file instanter an amendment to the petition to show that Malone had parted with title to and possession of the truck prior to the time of the accident, the effect of which he contended, removed the truck from insurance coverage. Plaintiff's counsel objected to the allowance of the amendment on two grounds, to-wit:
(1) That the policy of insurance is the best evidence of the relationship of the insured and insurer, and
(2) That there was nothing on record to indicate the transfer of the truck. The court ruled as follows:
"The court sustains the objection for the reason that there is testimony in the record to thoroughly cover the point made by the request of counsel for the Insurance Company."
As we interpret the language of said ruling, it means that the amendment was unnecessary, as the pleadings had been enlarged by the testimony which was admitted without objection. Following this ruling other testimony to prove that the truck had been sold by Malone to Dennis was adduced without objection of any character. It seems clear to us that this testimony enlarged the pleadings and was properly considered by the lower court in determining the issues of the case. Of course, since the title and possession of the truck had passed from Malone, the named insured, to Dennis, coverage under the policy automatically ceased, although the insurance company had not been advised of the changes.
It is certain from the testimony that Williams was not acting in the scope of his employment nor was he on a mission for his employer, Dennis, when the accident occurred. He had been instructed by Dennis not to drive the truck for his own business or pleasure, and was violating these instructions when the collision occurred.
The judgment is affirmed.
KENNON and HARDY, JJ., sitting. *Page 825